IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. HENRY FORD, ) | |
| ) | |
| Petitioner, ) | No. 06 C 6368 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Henry Ford has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § ("section") 2254 challenging his state criminal conviction. For the reasons set forth below, the petition is denied and this case is dismissed.

### Procedural Background

On October 4, 2001, Ford was convicted of first degree murder and aggravated battery with a firearm. (Pet. at 1; Gov't Ex. A, *People v. Ford*, No. 1-01-4290, slip op. at 1 (Ill. App. Ct. Jan. 3, 2003).) Ford was sentenced to consecutive prison terms of fifty and twenty years, respectively, for these crimes. (Gov't Ex. A, *People v. Ford*, No. 1-01-4290, slip op. at 1 (Ill. App. Ct. Jan. 3, 2003).)

Ford filed an appeal, raising only one issue: that the fifty-year sentence for first degree murder was excessive. (*Id.* at 3; Gov't Ex. B, Opening Br. & Argument Appellant at 2.) The appellate court affirmed the fifty-year sentence. (Gov't Ex. A, *People v. Ford*, No. 1-01-4290, slip op. at 4-8 (Ill. App. Ct. Jan. 3, 2003).)

Ford filed a petition for leave to appeal to the Illinois Supreme Court, raising two issues, that: (1) his fifty-year sentence was excessive; and (2) his appellate counsel was ineffective for failing to raise as error the trial court's refusal to instruct the jury on the lesser-included-offense of attempted murder. (Gov't Ex. D, Pet. Leave Appeal at 3.) On June 4, 2003, the supreme court denied Ford's petition. (Gov't Ex. E, *People v. Ford*, 792 N.E2d 310, 310 (Ill. 2003).)

In December 2003, Ford filed a petition for post-conviction relief, in which he argued that:

(1) the State had not proved he was the legal cause of the victim's death;
(2) the judge erroneously imposed consecutive sentences and his trial and appellate lawyers were ineffective for failing to challenge the sentences;
(3) appellate counsel was ineffective for failing to challenge the trial court's sentencing of Ford under a statute that went into effect after the crimes were committed;
(4) appellate counsel was ineffective for failing to argue on appeal the claims raised in Ford's motion for a new trial;
(5) trial counsel was ineffective for stating at trial that Ford had been charged with attempted murder until the shooting victim died, when he had actually been charged with aggravated battery with a handgun, and appellate counsel was ineffective for raising the issue on appeal;
(6) the State violated his constitutional rights by using false testimony to secure the indictment and his trial and appellate lawyers were ineffective for failing to raise this issue;
(7) the evidence at trial was insufficient to support his conviction for first degree murder and his trial and appellate lawyers were ineffective for failing to raise this issue; and
(8) his trial and appellate counsel were ineffective for failing to argue that he had been sentenced under an unconstitutional bill of attainder.

(*See* Gov't Ex. F, Pet. Post-Conviction Relief.) In March 2004, Ford's petition was denied. (Gov't Ex. G, *People v. Ford*, No. 99 CR 20935, slip op. at 8 (Cir. Ct. Cook County Mar. 3, 2004).)

Ford appealed the denial of his post-conviction petition, but the lower court's decision was affirmed. (Gov't Ex. J, *People v. Ford*, No. 1-04-1172, slip op. at 2 (Ill. App. Ct. July 22, 2005).) On May 2, 2006, Ford's petition for leave to appeal to the Illinois Supreme Court was also denied. (Gov't Ex. L, *People v. Ford*, 852 N.E.2d 243, 243 (Ill. 2006).)

## Discussion

In his habeas petition, Ford argues that: (1) the State failed to prove he was the cause of the victim's death; (2) his trial counsel was ineffective for failing to develop and present certain medical evidence; (3) the State obtained the indictment against him by using false testimony; and (4) his appellate counsel was ineffective for failing to raise issues two and three and failing to argue that the trial court erroneously refused to instruct the jury on the lesser-included-offense of attempted murder. The government contends that all of these claims are procedurally defaulted.

The Court agrees. A habeas claim is procedurally defaulted if it "was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or . . . [it] was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The state trial court held that Ford had waived post-conviction review of the first three issues he raises in his habeas petition because he had not raised them on direct appeal. (*See* Gov't Ex. G, *People v. Ford*, No. 99 CR 20935, slip op. at 3 (Cir. Ct. Cook County Mar. 3, 2004).) That waiver determination, which was affirmed by the appellate court, *see* Gov't Ex. J, *People v. Ford*, No. 1-04-1172, slip op. at 2 (Ill. App. Ct. July 22, 2005), is an independent and adequate state ground that bars federal habeas review. *See Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999) (stating that a habeas claim is procedurally defaulted if the "state court declined to address [it] because the prisoner . . . failed to meet a state procedural requirement" (quotation omitted)).

Moreover, even if the state court had not deemed those claims waived, all of Ford's claims would be procedurally defaulted for another reason: he did not raise them at every stage of the state court review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one

3

complete round of the State's established appellate review process."). Ford did not raise any of his claims on direct appeal, he raised only the fourth claim in his post-conviction petition, and he raised none of them in his petition for leave to appeal the denial of his post-conviction petition to the supreme court. (*See* Gov't Ex. K, Pet. Leave Appeal at 7 (raising as sole issue for review whether the circuit court applied the proper state-law standard to his post-conviction petition).) Because Ford did not submit his claims to a complete round of state court review and the time for doing so is expired, his claims are procedurally defaulted. *Boerckel*, 526 U.S. at 848 ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.")

The Court can excuse Ford's default, but only if he shows cause for failing to raise his claims in state court and prejudice resulting from that failure, or that he is actually innocent and was likely convicted because of constitutional error in the state court proceedings. *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Ford has not even attempted to show cause and prejudice, and the record, which shows that his conviction was supported by the testimony of two eye-witnesses to the shooting and two people to whom Ford confessed, scotches the miscarriage of justice exception. Ford's section 2254 petition is, therefore, denied.

## Conclusion

For the reasons set forth above, Ford's petition for a writ of habeas corpus [doc. no. 1] is denied and this case is dismissed with prejudice. Moreover, because no evidentiary hearing is necessary, Ford's motion for appointment of counsel to represent him at such a hearing [doc. no. 19] is stricken as moot.

**SO ORDERED.**  ENTERED: 5/25/07

_____
HON. RONALD A. GUZMAN
United States District Judge